UNITED STATES *v.* GLOBE SHIPPING CO., INC. (NO. 3413)[1]

[1] T. D. 45262.

United States Court of Customs and Patent Appeals, November 2, 1931

*Charles D. Lawrence*, Assistant Attorney General (*Reuben Wilson* and *Ralph Folks*, special attorneys, of counsel), for the United States.

*Puckhafer, Rode & Tompkins* (*George J. Puckhafer* of counsel) for appellee.

[Oral argument October 8, 1931, by Mr. Folks and Mr. Puckhafer]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court holding that turquoise beads were dutiable as "semiprecious stones, cut but not set, and suitable for use in the manufacture of jewelry," at 20 per centum ad valorem under paragraph 1429 of the Tariff Act of 1922, the pertinent part of which reads as follows:

PAR. 1429. Diamonds and other precious stones, rough or uncut, and not advanced in condition or value from their natural state by cleaving, splitting, cutting, or other process, whether in their natural form or broken, any of the foregoing not set, and diamond dust, 10 per centum ad valorem; pearls and parts thereof, drilled or undrilled, but not set or strung, 20 per centum ad valorem; diamonds, coral, rubies, cameos, and other precious stones and semiprecious stones, cut but not set, and suitable for use in the manufacture of jewelry, 20 per centum ad valorem; * * *.

The merchandise was assessed for duty by the collector as jewelry at 80 per centum ad valorem under paragraph 1428 of that act, the pertinent part of which reads as follows:

PAR. 1428. Jewelry, commonly or commercially so known, finished or unfinished, of whatever material composed, valued above 20 cents per dozen pieces, 80 per centum ad valorem; * * *.

It appears from the record, and it is not denied by counsel for the Government, that the involved merchandise consists of turquoise beads—semiprecious stones—suitable for use in the manufacture of jewelry and dutiable as such as held by the court below. However, the Government contends that the court erred in sustaining the protest because the only claim made therein was that the merchandise was properly dutiable at 10 or 20 per centum ad valorem under the provisions of paragraph 1459 of the Tariff Act of 1922, no claim being made therein that it was dutiable under any of the provisions of paragraph 1429. Paragraph 1459 reads:

PAR. 1459. That there shall be levied, collected, and paid on the importation of all raw or unmanufactured articles not enumerated or provided for, a duty of 10 per centum ad valorem, and on all articles manufactured, in whole or in part, not specially provided for, a duty of 20 per centum ad valorem.

The protest, among other things, contains a statement to the effect that the collector's assessment of duty at 80 per centum ad valorem under paragraph 1428 was wrong, and continues:

Liq 11/9/27.  1,068 pcs. turquoise beads assessed at 80% P 1428.

It is further claimed that duty should have been assessed at either 10 per centum or 20 per centum ad valorem, under paragraph 1459, or at the rates as entered or prescribed, by virtue of section 502 (c), and that we be given the benefit of any doubt by applying paragraph 1460, either by similitude or the mixed material clause, and in all claims made against this assessment, the rates claimed are lower than the rates assessed.  All of the above claims or objections are made in good faith under the Tariff Act of 1922.

The appraiser's answer to the protest was admitted in evidence without objection and reads as follows:

Protest No. 53385; importer, W. X. Huber Co., Globe Shipping Co.  Invoice No. —; entry No. 914017; date 4/25/27.

The merchandise in question is invoiced as being in case 270, the case ordered to the appraiser's warehouse for examination.  Upon examination the contents of case 270 were covered by those invoiced as being contained in case 269; consequently the turquoise beads invoiced as being in case 270 were not seen, but were taken by this office as being permanently strung and advisorily classified for duty as jewelry at 80 per centum ad valorem under paragraph 1428 of the act of 1922.  If the beads were loose or only loosely strung for transportation, they would be dutiable at 20 per cent under paragraph 1429 as claimed in the protest.

In the collector's letter, transmitting the protest and the papers to the court below, he said:

The merchandise in question, 1,068 pieces turquoise beads, is invoiced as contained in case 270, which was under examination by the appraiser.

Upon examination of said case it was found the contents consisted of those invoiced as contained in case 269; consequently the turquoise beads in question were not seen by the appraiser and were advisorily returned as permanently strung, 80 per cent under paragraph 1428, act of 1922.  Note same as described by the invoice as being *tourquoise articles* (last page).

Duty was so assessed in liquidation.  Appraiser's special report herewith.

The protest was received within the statutory time.

Section 514 of the Tariff Act of 1922 provides that a protest shall be in writing and shall set forth "distinctly and specifically and in respect to each entry, payment, claim, or decision, the reasons for the objection thereto."  That section further provides that "a protest may be amended at any time prior to the first docket call thereof," under such rules as may be prescribed by the Board of General Appraisers (now the court below) and in its discretion.

A protest is sufficient and may be sustained by the courts when it appears therefrom that, at the time it was filed, or as thereafter duly amended, the importer had in mind the objection to the collector's classification or decision which he afterwards made at the trial, and that it was sufficiently specific, according to the circumstances, to direct the collector's attention to the importer's claims.  *United*

*States* v. *Sheldon & Co.*, 5 Ct. Cust. Appls. 427, T. D. 34946, and cases therein cited; section 514, *supra*.

It appears from the record that the merchandise in question never came under the observation of the appraiser, due to the fact that it was stated on the invoice to be in case 270, which was examined by the customs officials, whereas, as a matter of fact, it was in case 269, which was not examined by them. It was described as "1,068 pieces of turquoise, beads" on page 2, and as "turquoise articles" on page 3, of the invoice. The latter description was referred to in the collector's report. The merchandise was entered as imitation precious stones at 45 per centum ad valorem under paragraph 1403.

Paragraph 1459, *supra*, provides for two rates of duty, 10 per centum ad valorem on all raw or unmanufactured articles not enumerated or provided for, and 20 per centum ad valorem on all articles manufactured, in whole or in part, not specially provided for. It was this paragraph, not paragraph 1429, to which the attention of the collector was directed by the protest.

In view of the facts of record heretofore stated in some detail, we are unable to say that the protest was sufficiently specific to direct the attention of the collector to the precise claim made by the importer, or that the importer had in mind, at the time the protest was filed, no amendment having been made, that the merchandise was properly dutiable under paragraph 1429. Furthermore, if the claim in the protest was inadvertently made, the importer had ample time—approximately three years—in which to have amended its protest in the manner provided in section 514.

It is unfortunate that the importer should be required to pay duty greatly in excess of that provided by law. Nevertheless, this result flows from its failure to comply with the simple provisions of the law. In view of the fact that the proper paragraph was not claimed in the protest, the court below erred in sustaining it.

The judgment is *reversed*.